554 So.2d 783 (1989)
Audrey Herod, Wife of/and Charles HEROD
v.
AMERICAN SERVICE LIFE INSURANCE COMPANY and Blue Cross of Louisiana.
No. 89-CA-431.
Court of Appeal of Louisiana, Fifth Circuit.
December 13, 1989.
*784 Brian G. Birdsall, New Orleans, for plaintiffs-appellants.
Sylvan J. Steinberg, Covert J. Geary, New Orleans, for defendant-appellee.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
This is an appeal from a summary judgment in a suit to recover hospital expenses from a health insurer. For the following reasons, we reverse this judgment.
Audrey Herod, plaintiff-appellant, had a health insurance policy with Louisiana Health Service and Indemnity Co. (Blue Cross of Louisiana), between 1981, and September 15, 1984. On August 1, 1984, she obtained another health policy from American Service Life Insurance Co., and permitted her Blue Cross policy to lapse the following month. In February and March, 1985, she was treated and underwent surgery for a ruptured disc at an alleged cost of some $25,000. She made claims with both of the above insurers, but both denied coverage.
Plaintiff filed suit against both insurers. American Service Life alleged in its answer that it was not obligated under its policy because 1) the surgery was the result of a condition pre-existing the August 1, 1984, effective date of its policy, and 2) plaintiff made material misrepresentations as to this pre-existing condition on her application for the policy. Blue Cross, for its part, answered that the surgery resulted solely from an accident allegedly suffered by plaintiff in October, 1984, several weeks after its policy had lapsed.
After some initial discovery, Blue Cross filed a motion for summary judgment which was granted by the trial court. Plaintiff now appeals this judgment.
The rules applicable to summary judgments was stated in Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981), as follows:
"A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Article 966. Because the mover has the burden of establishing that no material fact issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. To satisfy his burden, the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (at 493) (citations omitted)
In the present case, this court cannot say that it is clear when plaintiff's disc problem came into existence. In her petition she alleges that "[o]n or about October, 1984, your petitioner was involved in an accident, [as a] result of which she sustained serious injury to her spine, which necessitated surgery...." In response to a request for admissions, however, she admitted that she had been treated for back problems since 1982. In answers to interrogatories she stated that she had had back pain over the years for which she had been treated by Dr. Russell J. Rawls. She further recited that she fell off a ladder in October, 1984, and slipped in her shower in December, 1984, and her resulting injuries were diagnosed as a ruptured disc. Medical records provided in response to production of documents bear out certain pre-existing back problems, but the nature or severity of these problems, or their relationship to the subsequent disc surgery is not clear. Moreover, plaintiff is not a medical expert, and her responses in regard to the origin of her problems is not conclusive as to this issue. The only other document in the record which addresses *785 these questions is a letter from Dr. Rawls to plaintiff's counsel that in his opinion the prior problems were not related to the ruptured disc. However, this document is not an affidavit or sworn to in any way, nor is it certified or attached to an affidavit. In Continental Casualty Co. v. McLure, 313 So.2d 260 (La.App. 4th Cir.1975), such a document was ruled not to be a sufficient evidentiary quality to be given weight in determining whether or not there remain genuine issues of material fact. We reach a similar conclusion here.
We are also concerned that dismissal of Blue Cross at this stage of the proceedings might well constitute a factual finding that there was no pre-existing condition, and thus effectively eliminate one, if not both, of American Service Life's defenses to this suit. Further, if this dismissal were not to be construed as a factual finding by this court, and at trial American Service Life were to prevail in its defense of a pre-existing condition, plaintiff would be left with no further remedy against Blue Cross, her prior insurer.
We finally note that although the entire record in this matter might strongly indicate that plaintiff will not likely prevail against Blue Cross or that American Service Life will not be able to prove a pre-existing condition on trial of the case, that is not sufficient ground upon which to render summary judgment. City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir. 1979). The proper question is, instead, whether there remains a genuine issue as to material fact.
Having found that there does remain an unresolved issue as to a material fact, we vacate the summary judgment rendered by the trial judge and remand the case for further proceedings.
REVERSED AND REMANDED.