785 So.2d 893 (2001)
Paula HARVEY
v.
Sylvester FRANCIS, Joseph Mancuso and Scottsdale Insurance Company.
No. 2000-CA-1268.
Court of Appeal of Louisiana, Fourth Circuit.
March 21, 2001.
*894 Kern A. Reese, Kern A. Reese & Associates, Inc., New Orleans, LA, for plaintiff/appellant.
Sidney H. Cates, IV, Carter & Cates, New Orleans, LA, for defendant/appellee.
BEFORE: BYRNES, III, Chief Judge, and WALTZER and KIRBY, JJ.
*895 BYRNES, Chief Judge.
Plaintiff-appellant, Paula Harvey, appeals a judgment dismissing her property damage claim against the defendant-appellee, Joseph Mancuso, on motion for summary judgment. We affirm.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180; Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342, 345 (La.1991).
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. Two Feathers Enterprises, Inc. v. First National Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966 B. However, if the movant will not bear the burden of proof at trial on the matter that is before the court, the movant's burden does not require him to negate all essential elements of the adverse party's claim. Rather, he need only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. La.C.C.P. art. 966C(2).
On February 6, 1994, a fire occurred on premises located at 1617-19 Dumaine St. and owned by the defendant-appellee, Joseph Mancuso. The fire spread to the adjacent property located at 1613-15 Dumaine St. and owned by the plaintiff, Paula Harvey, causing the property damage that forms the basis of plaintiff's claim. The defendant, Mancuso, filed a "cross-claim" against Scottsdale Insurance Company as the insurer of his tenant, Sylvester Francis.
On August 5, 1993, the defendant, Mancuso, leased the 1617-19 Dumaine property to Sylvester Francis. On its face the term of the written lease was from September 1, 1993 to January 15, 1994. The lease contains the following clause pertinent to this case:
LIABILITY: The Lessor shall not be liable to Lessee or to Lessee's patrons or visitors, or to any other person for any damage to person or property caused by any act, omission or neglect of Lessee or any other tenant of said demised premises, and Lessee agrees to hold Lessor harmless from all claims for any such damage, whether the injury occurs on or off the leased premises. Lessee has the right to install locks on doors, at Lessee's expense. If this is done, Lessor will be given duplicate keys of all locks installed.
Lessee assumes responsibility for the condition of the premises. Lessor will not be responsible for the damage caused by leaks in the roof, by bursting of the pipes, by freezing or otherwise, or any vices except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from the Lessee of such defects, Lessee will become responsible for any damage resulting to lessor or other parties. [Emphasis added.]
"The New Orleans Police/Fire Department ", states in pertinent part:
The building is vacant and open to the public. The flooring in four (4) rooms *896 was missing [sic] only the floor joist was present.
* * *
The point of origin was a mattress on the floor against the wall.... The fire was caused by human intervention. (Probable Drug Addicts).
Neither the lease nor the arson report was properly identified by affidavit. They are not self identifying exhibits, and in the absence of affidavits attesting to their authenticity should not normally be considered by this court or the trial court in deciding a motion for summary judgment.[1] However, as both the plaintiff and the defendant offered identical copies of these documents indicating that there is agreement between them as to their authenticity, we will accept them.
The defendant argues that to the extent that the condition of the premises located at 1617 Dumaine St. may be considered to be a cause of the damage to the plaintiff's adjacent property, such fault should be attributed to his lessee, Sylvester Francis. The defendant takes this position because of the clause in the lease making the lessee responsible for the condition of the premises and liable for damages to third persons. LSA-R.S. 9:3221 allows a lessor to incorporate in the lease agreement provisions transferring responsibility for the condition of the premises to the lessee "unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time." However, the condition of the premises at 1617 Dumaine according to the arson report was such as to imply deterioration over an extended period of time sufficient to create a genuine issue as to whether the lessor knew or should have known of that condition. Also, the lease term commenced (September 1, 1993) less than six months before the fire. The condition of the premises as described in the arson report was such as one would normally expect to have arisen over a much greater time period. In other words, the deterioration *897 probably occurred prior to the inception of the lease. Whether the defendant had sufficient prior notice of the condition of the property raises a genuine issue of fact.
Moreover, the plaintiff notes that the lease, on its face, expired on January 15, 1994, some three weeks prior to the fire. Accordingly, to the extent that the lease may have contained provisions that could arguably transfer responsibility from Joseph Mancuso to his lessee, Sylvester Francis, those provision would have ceased to have effect when the lease expired on January 15, 1994, prior to the time the plaintiff's claim arose.
The defendant's response is to refer to his affidavit in which he avers that Sylvester Francis was the lessee at the time of the fire. However, we find this to be a conclusory statement. The defendant offers no facts or explanation to support this assertion in the face of the clear language of the lease. We find that the unexplained conflict between the assertion in the defendant's affidavit and what is plainly set forth on the face of the lease creates a genuine issue of fact. The defendant's conclusory affidavit is not sufficient to eliminate this issue. If this fact is material, the judgment of the trial court should be reversed.
Where there is a genuine issue of material fact it is error to grant a motion for summary judgment. A material fact is one whose existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery, i.e., one that would matter on the trial of the merits. Smith v. Our Lady of the Lake Hosp. Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Thus, not all disputed facts are material facts. Despite the presence of disputed facts, summary judgment will be granted as a matter of law if the contested facts present no legal issues. Davenport v. Amax Nickel, Inc., 569 So.2d 23, 27 (La.App. 4 Cir.1990), writ denied 572 So.2d 68 (1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Premier Restaurants, Inc. v. Kenner Plaza Center, L.L.C., 99-1310 (La. App. 5 Cir. 8/29/00), 767 So.2d 927.
The plaintiff does not dispute the fact that, more likely than not, the fire was started by a third party unrelated to either Sylvester Francis or Joseph Mancuso. The copy of the arson report annexed by the plaintiff to her opposition to the motion for summary judgment indicates that the fire was started through the intervention of an unrelated third person. The plaintiff has cited no cases where either a landlord or his tenant was held liable to an adjacent landowner for damages caused in such a manner. This Court is aware of none. The plaintiff has failed to cite any analogous cases indicating that liability should be imposed under such circumstances. We find that as a matter of law, neither a landlord nor his tenant has a duty, in the absence of actual prior knowledge, to protect an adjoining property owner from a fire caused by an unrelated third party.
Therefore, the disputed facts about when the lease terminated and whether the lease provisions shifted liability to the lessee are not material.
For the foregoing reasons, the judgement of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Premier Restaurants, Inc. v. Kenner Plaza Center, L.L.C., 99-1310 (La.App. 5 Cir. 8/29/00), 767 So.2d 927:

A document which is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether or not there remain genuine issues of material fact. Herod v. American Service Life Ins. Co., 554 So.2d 783 (La.App. 5 Cir.1989). An unsworn and unverified document is insufficient. Parker v. Sears, Roebuck & Co., 418 So.2d 1361, 1364 (La.App. 2 Cir.1982); Continental Casualty Co. v. McClure, 313 So.2d 260, 262 (La.App. 4th Cir.1975). Thus, statements made in letters rather than by affidavits have no evidentiary value. See Powers v. Tucker, 29,190 (La.App. 2 Cir. 2/26/97), 690 So.2d 922, 926.
Here, the motion for summary judgment on liability was supported by the attachment of an uncertified copy of the lease and unsworn, uncertified copies of letters from attorneys. Those letters do not on their face establish that the attorneys were either representing Premier Restaurants or directing the letters to Kenner Plaza. Even considering that Kenner Plaza does not dispute that the copy of the lease attached to the motions is correct, in our view the attachments are insufficient to establish plaintiff's burden of proving not only that there was a valid lease but also that the lease was breached. Without the appropriate supporting documentation, the mover cannot be said to be entitled to summary judgment. Further, any inadequacy of defendant's opposition is moot because the mover, plaintiff, failed to carry its initial burden of showing it could establish these matters. Unless the motion has been made and supported by affidavits, together with sworn or certified copies of all papers or documents referred to, or depositions or answers to interrogatories, La.C.C.P. art. 967 does not shift the burden to the adverse party to set forth specific facts showing that there is a genuine issue for trial.