1 .THIBODEAUX, Judge.
Defendant, the City of Pineville, appeals the judgment of the trial court which granted plaintiffs’, Diane Reynolds and Carolyn Dianne Netherlin, motion for partial summary judgment on the issue of liability, and denied the City’s motion for summary judgment on sex and age discrimination claims, deeming defendant’s cause of action moot. The trial court found that the City’s Chief of Police, Stanley Rogers, lacked the authority to unilaterally implement a longevity plan and reduce the base pay of particular staff members. Though the longevity pay increase was approved by both the Mayor and the City Council, evidence was provided that the former Mayor, Mayor Leo Deslatte, did not authorize a reduction in the plaintiffs’ base salaries. In essence, an increase in salary wages was authorized by the Mayor and City Council, but not a reduction in the base pay.
We agree with the trial court’s judgment that Chief Rogers acted alone when he reduced Ms. Reynolds’ and Ms. Netherlin’s base salaries, unbeknownst to the Mayor and City Council, prior to their adoption of the ordinance. Chief Rogers also failed to determine whether a base pay for City employees was already established before implementing his own pay scale. Thus, on these issues, the judgment of the trial court is affirmed. However, we find that the City of Pineville met its burden of showing that Chief Rogers’ actions did not constitute sex and age discrimination. On this issue, we reverse the trial court’s judgment.
I.

ISSUES

We shall consider:
| a(l) whether the trial court erred in granting plaintiffs/appellees’ motion for partial summary judgment?
(2) whether the trial court committed legal error in its application of summary judgment?
(3) whether the trial court erred in its failure to admit a memorandum outlining and explaining the longevity pay scale?
(4) whether the trial court erred in declaring defendant/appellant’s motion for summary judgment on discrimination moot once plaintiffs’ motion for summary judgment was granted?
II.

FACTS

In 1992, the Mayor of'the City of Pine-ville, Mayor Fred Baden, and the Pineville City Council, approved base salaries for city employees, including those positions held by Ms. Reynolds and Ms. Netherlin. Ms. Reynolds’, who was employed as a secretary to the chief of police, base salary was $1,750.00 per month. Ms. Netherlin’s, a records clerk, base salary was $1,040.00 per month. In 1995, Ms. Netherlin received an additional increase, raising her salary to $1,213.00 per month. In 1998, Mayor Leo Deslatte and the City Council *1248 approved a $200.00 increase per month for all City employees of the Pineville Police Department. Thus, Mrs. Reynolds’ salary was increased to $1,950.00 per month, and Ms. Netherlin’s salary was raised to $1,413.00 per month.
In 1999, Chief Rogers, the newly appointed police chief for the City of Pine-ville, implemented a longevity pay scale that would reward police department employees for continuous service. Each employee would receive a 2.5% increase in their salary over a two-year period. At the same time this pay scale was established, Chief Rogers reduced the base pay of the plaintiffs. Plaintiffs received an overall |,.¡increase in their salary, based on their number of years of service; however, their salaries would have been greater had the original base pay remained the same plus the 2.5% increase. Only the plaintiffs’ base salaries were reduced. Plaintiffs further allege that the Chiefs actions were discriminatory in nature based on their age and sex. Ultimately, Ms. Reynolds’ base pay was reduced from $1,950.00 to $1,700.00, and Ms. Netherlin’s base pay was lowered from $1,413.00 to $1,350.00 per month. In 2000, Ms. Reynolds’ base salary was reduced once again by $500.00.
Chief Rogers’ longevity plan was approved by the Mayor and City Council of Pineville in July of 1999. Chief Rogers asserts that he had the support of both the Mayor and City'Council when he implemented the longevity pay scale. However, plaintiffs assert that it was his recommendation to the Mayor and City Council that initiated this new plan. Further, plaintiffs argue that Chief Rogers acted alone, particularly when the current mayor, Mayor Clarence Fields, who was a City Council member when the plan was proposed, asserted that he was unaware of a reduction in their base pay. Also, Chief Rogers testified that he did not refer to the base pays established in 1992. Plaintiffs rely on the testimony of Mayor Fields and Chief Rogers’ own testimony, along with other evidence, to demonstrate that Chief Rogers lacked the authority to develop a longevity pay scale that reduced plaintiffs’ base salaries.
On or about August 2, 2000, Ms. Reynolds and Ms. Netherlin filed suit against the City of Pineville. On June 1, 2001, the plaintiffs filed a motion for partial summary judgment on the issue of liability, asserting that Chief Rogers unilaterally reduced their base salaries, resulting in lost wages to the plaintiffs. In response, the City of Pineville filed a motion for summary judgment asserting there was no genuine issue of material fact as to plaintiffs’ claims of sex and age discrimination. The trial | ¿court granted plaintiffs’ motion, but denied defendant’s motion. The City of Pineville now appeals the trial court’s judgment.
III.

LAW AND DISCUSSION

Summary Judgment and Authority to Set Salaries
The City asserts that the trial court erred in granting plaintiffs’ motion for partial summary judgment. We disagree.
Motions for summary judgment, which are now favored, are reviewed de novo. The same criteria used by trial courts to determine whether summary judgment is appropriate are also used by the appellate courts. Motions for summary judgment are granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.” Brittain v. Family Care Services, Inc., 34,787, p. 3 (La.App. 2 Cir. 6/20/01); *1249 801 So.2d 457, 460. The trial court determined that there was no genuine issue of material fact that existed as to plaintiffs’ motion and that the plaintiffs were entitled to judgment as a matter of law. We must now determine, in the light most favorable to the party opposing the motion, whether a reasonable person could find that genuine issues of material fact exist.
Chief Rogers asserts that he had the authority to develop a longevity pay scale for police department employees and that he did not act alone in implementing this plan. According to Chief Rogers, he proposed the longevity pay scale to the May- or, and the Mayor and City Council approved the plan, with one condition, that the 2.5% increase was spread over a two-year period. Rogers contends that his decision to implement a longevity plan was not done unilaterally.
|KChief Rogers relies on La.R.S. 33:404.1, which states in pertinent part that:
The board of aldermen shall by ordinance fix the compensation of the may- or, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any nonelected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected.
(Emphasis added). According to Rogers, Ms. Reynolds and Ms. Netherlin would qualify as municipal officers. With the approval of the Council and Mayor, he had the authority to propose a longevity pay scale establishing the salaries for these two positions.
Under La.R.S. 33:381(A), “[t]he officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, and a clerk.” As there are no other officers listed under this statute, we find that the plaintiffs are not municipal officers.
Ms. Reynolds’ and Ms. Netherlin’s positions at the City’s police department lack the qualifications of municipal officers, even though they work for a municipal body. The above positions provided in La.R.S. 33:404.1 are traditionally for the most part, if not all, elected positions. Neither Ms. Reynolds nor Ms. Netherlin were elected to their positions as secretary to the police chief and records clerk, respectively. Additionally, the plaintiffs are not held to the same public responsibilities and duties of those who hold these offices. Thus, we find that the plaintiffs are not municipal officers, and Chief Rogers lacked the authority to reduce their base pay under La.R.S. 33:404.1.
| fiEven if the plaintiffs are considered municipal officers, we find that Chief Rogers acted alone when he created a salary plan that reduced the base pays of the plaintiffs. The Mayor and the Council sought only to reward police department employees with a 2.5% increase. Mayor Fields asserted that he was not aware of a reduction in the base pay. Since Chief Rogers failed to bring the reduction in base pay to the attention of the Mayor and City Council, required of his longevity plan, we find that neither the Mayor nor the City Council approved a reduction in the base pay and that Chief Rogers acted alone.
Additionally, the City asserts that the trial court focused heavily on the intent of the ordinance as passed by the Mayor and City Council. Defendant asserts that on motions for summary judgment, a trial court cannot make determinations of subjective facts such as motive, intent, good faith or knowledge because to do so calls for the trial court to make credibility evaluations and weigh testimony. The weigh *1250 ing of factual evidence is inappropriate on a motion for summary judgment. The City is correct as to the applicable law; however, we do not find that the trial court made such a determination.
The trial court, in its written Reasons for Judgment, relied on several facts that indicated the Mayor and City Council’s only goal was to reward police department employees with an increase in pay. The Reasons for Judgment read in part: “There [is] no evidence to establish that the Mayor was made aware that any of the base salaries previously established by resolution in 1992 and subsequently increased as to the records clerk in 1995 and as to all police department employees in 1998, were being reduced.” Chief Rogers’ own testimony indicates that he did not consult the minutes of the City Council meeting in 1992 to determine the base pay for various positions.
|7Q,. Now, were you aware that the council in 1992, had established a base pay for positions with the Pineville Police Department?
A. When I came to work there they had a pay scale.
Q. All right.
A. I don’t know how, when it was established.
Q. Did you uh, did you consult the minutes of the council to determine whether or not any, any base pays had been established by the Pineville City Council when you made your longevity pay scale?
A. I did not.
Additionally, there was no evidence that the City Council was aware of a reduction in base pays. Mayor Fields testified in his deposition only to the fact that he was not aware of a reduction in base pay, not whether it was his or the Council’s intent not to reduce the base pay.
Q. All right. As council member and as mayor, are you aware of any resolution or motion adopted by the council where they specifically cut Ms. Nether-lin or Ms. Reynolds’ pay?
A. Where the council or, or I ...
Q. The council. The council.
A. No.
Q. Have you ever authorized Chief Rogers to cut their pay?
A. No sir.
We do not find that the trial court focused on the Mayor’s or the City Council’s intentions for the ordinance, but on the facts presented. Further, no evidence was provided that the Mayor or the City Council had repealed or amended the 1992 ordinance establishing the base pay.
| sPlaintiffs also argue that the City cannot adopt an ordinance as to amend a prior resolution. We find that this argument fails to support plaintiffs’ claim sufficiently.
With proper approval, an ordinance can amend, perhaps even repeal a resolution, despite plaintiffs’ argument that only resolutions can amend previous resolutions, and that the ordinance ap-' proving the 2.5% increase would not stand against the resolution enacting base pays in 1992. “[A]n ordinance, by its very nature and definition, is superior to a resolution and must prevail.” Investment Management Services, Inc. v. Village of Folsom, 00-0832, p. 6 (La.App. 1 Cir. 5/11/01); 808 So.2d 597, 603. As a result, we find that the plaintiffs’ other arguments on this issue are better supported.
Thus, the trial court did not commit legal error in its application of summary judgment. Chief Rogers lacked the authority to implement and enforce a salary pay scale. No genuine issue of material fact exists.
Inadmissible Evidence
The City argues that the trial court erred in not admitting the memorandum *1251 addressed to Mayor Deslattes from Chief Rogers outlining the plan for the longevity pay scale. We disagree.
Defendant argues that its reference to the memorandum throughout Chief Rogers’ deposition is a part of the sworn testimony of Chief Rogers and is admissible to support its motion for summary judgment. The memorandum addressed to Mayor Deslattes is essentially a letter explaining the longevity pay scale as outlined by Chief Rogers. The memorandum, as presented, was not attached to Rogers’ deposition nor to an affidavit. Additionally, the memorandum was not sworn to as required on summary judgment.
IsA document which is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether or not there remain genuine issues of material fact. An unsworn or unverified document is insufficient. Thus statements made in letters rather than by affidavits have no evidentiary value.
Harvey v. Francis, 00-1268, p. 5, n. 1 (La.App. 4 Cir. 3/21/01); 785 So.2d 893, 896. (Emphasis added). Because Chief Rogers’ memorandum to Mayor Deslattes was not an affidavit, attached to an affidavit, or sworn to in any way, the memorandum is inadmissible. The trial court did not err in excluding the memorandum from evidence.
Sex and Age Discrimination
The City asserts that the trial court erred in dismissing its motion for summary judgment and rendering it moot after granting plaintiffs’ motion for summary judgment. We agree.
Ms. Reynolds and Ms. Netherlin assert that the reduction in their base pay was an act of sex and age discrimination on the part of Chief Rogers. On their sex discrimination argument, the plaintiffs charge that only their base pay was reduced, not the salaries of male employees. Plaintiffs contend that since their positions have been traditionally held by females and a male has not held their positions since they have worked for the police department, Chief Rogers’ conduct constitutes an act of sex discrimination. On their age discrimination claim, the plaintiffs argue that Nicole Constantino’s base pay was not reduced. Nicole Constantino is a younger, female employee holding a similar position. Chief Rogers permitted her salary to remain the same; however, she did not benefit from the 2.5% increase because she lacked the years of service to the department. Plaintiffs also support their claim by asserting that a recent hiree’s starting salary was a little above hn$8.00 per hour, which was comparable to Ms. Constanti-no’s. Both of these employees were in their twenties, whereas the plaintiffs were both over age 40.
Issues of sex and age discrimination are a challenge for the courts. Often, the evidence provided to support one of these claims is not blatant, nor does it fit neatly in the confines of quid pro quo sex discrimination or even hostile work environment discrimination. “Recognizing that the question facing triers of fact in discrimination cases is both sensitive and difficult, ... courts have employed some variant of the framework articulated in McDonnell Douglas [Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)] to analyze discrimination claims that are based principally on circumstantial evidence.” Brittain, 801 So.2d at 461. The framework of analysis is provided below:
First, the plaintiff must [have] the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination. A plaintiff can establish a prima facie case ... of discrimina *1252 tion under Title VII by showing (1) she is a member of a protected class; (2) she satisfactorily performed the duties required by the position; (3) she was discharged; and (4) her position remained open and was ultimately filled by [an employee with the same qualifications.] Second, assuming the plaintiff demonstrates a prima facie case, the burden of production shifts to the employer to articulate a legitimate, clear, specific and non-discriminatory reason for discharging the employee. Although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. And in attempting to satisfy this burden, the plaintiff, once the employer produces sufficient evidence to support a nondiscriminatory explanation for its decision, must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
In Id. at 462. (Citations omitted). (Emphasis added) [1]. We find that plaintiffs did not meet their burden adequately to deny defendant’s motion for summary judgment and render it moot.
Plaintiffs allege that they established a prima facie case of sex and age discrimination: (1) they are females and over the age of 40; (2) both were qualified for their positions as they continue to hold these positions and have worked there for eight or more years equally; (3) adverse action was taken against them as evidenced by their reduction in pay; and (4) more favorable treatment was given to other employees such as Ms. Constantino, and no male employee held these positions while they were employed by the department.
In his deposition, Chief Rogers explains his reasons for reducing the plaintiffs’ base pay as follows:
A. Beginning policemen basically, one of the things was bringing beginning policemen salary compatible with A.P.D. [Alexandria Police Department], R.P.S.O. [Rapides Parish Sheriffs Office]
[[Image here]]
A. So one of, one of my considerations was trying to get a longevity program in where that they, the employees of the police department would enjoy a, a regular raise, even though how small ...
[[Image here]]
A. A patrolman has far more responsibilities and what have you, and I thought that I felt that that base pay for the chief secretary was accurate, and I thought the pay scale for the, base pay for the records clerk was adequate to this area.
Q. In fact, your statement was that you felt it would be in, the pay was adequate for the work they were doing, is, for support personnel. Isn’t that basically what you, your position was as opposed to a line person?
I igA. Right.
The reasons articulated by Chief Rogers for reducing the plaintiffs’ base pay does not amount to age or sex discrimination. Though his reasons may appear to be off-colored and unfair to the plaintiffs in that he felt patrolmen should receive more pay, plaintiffs have failed to prove that his explanation was a pretext for age or sex discrimination. Additionally, it appears that in making these decisions, Chief Rogers examined other parishes’ pay scales *1253 and considered only the duties of a particular position in establishing pay rates. Though his actions may not be proper, intentional discriminatory treatment based on one’s sex and age is not present under these facts.
After Chief Rogers offered his explanation, it was plaintiffs’ duty to come forward with evidence to indicate that they could show the pretextual nature of Chief Rogers’ explanations. Plaintiffs did not adequately meet this burden. Thus, we find that the trial court erred in denying defendant’s motion for summary judgment on the issues of sex and age discrimination.
IV.

CONCLUSION

For the above reasons, we affirm the trial court’s judgment that Chief Rogers lacked the authority to create and implement a longevity pay scale, reducing Diane Reynolds’ and Carolyn Dianne Netherlin’s, base pays. However, we reverse the trial court’s denial of the City of Pineville’s, motion for summary judgment pertaining to age and sex discrimination.
Cost of this appeal are assessed equally between the plaintiffs and the defendant.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
SAUNDERS, J., Concurs in Part; Dissents in Part and Assigns Written Reasons.

. In this case, the plaintiffs were neither discharged nor were their positions filled by other persons; however, plaintiff argue that others received more favorable treatment.