942 So.2d 1259 (2006)
Demetria Bouchaund HENDERSON and Dylan Lovely, Plaintiffs-Appellants,
v.
UNION PACIFIC RAILROAD, Brandon Shifflett, Samuel Rivera, State of Louisiana through the Department of Transportation and Development, and Caddo Parish Commission, Defendants-Appellees.
No. 41,596-CA.
Court of Appeal of Louisiana, Second Circuit.
November 15, 2006.
Dumas & Associates Law Corporation by Walter C. Dumas, Baton Rouge, for Appellants, Demetria B. Henderson and Dylan Lovely.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell by Joseph S. Woodley, *1261 Shreveport, for Appellee, Caddo Parish Commission.
Charles Foti, Attorney General, Gregory S. Barkley, Assistant Attorney General, for Appellee, State of Louisiana, DOTD.
Cook, Yancey, King & Galloway by Samuel W. Caverlee, Shreveport, for Appellees, Union Pacific Railroad and Samuel Rivera.
Before STEWART, GASKINS and MOORE, JJ.
STEWART, J.
This is an appeal by plaintiffs, Demetria Henderson and Dylan Lovely, from the trial court's denial of their motion for continuance and grant of the defendant's motion for summary judgment. For the reasons that follow, we affirm the trial court.

FACTS
On or about September 16, 2004, John Bland Jr. was fatally injured near the railroad crossing located at the intersection of Hoadley Street and Southern Avenue in Shreveport when he was struck by a freight train owned by defendant, Union Pacific Railroad ("UPR"). On September 7, 2005, the plaintiffs sued UPR, Brandon Shifflet, Samuel Rivera, State of Louisiana through the Department of Transportation and Development and the Caddo Parish Commission ("Commission") asserting that the railroad crossing at the subject intersection was improperly signed. The Commission answered asserting that the crossing was located in the City of Shreveport and that it had no duty to maintain the crossing.
The Commission propounded discovery to the plaintiffs, but the plaintiffs made no attempt to conduct any discovery in the case. On November 4, 2005, the Commission filed a motion for summary judgment. Attached to that motion was an affidavit of the Director of Public Works for Caddo Parish which denied that the Commission was responsible for the intersection. The motion was set for argument on December 12, 2005. Plaintiffs took no steps to conduct any discovery prior to the hearing. On or about December 9, 2005, plaintiffs filed a motion for continuance. Argument on the motion for summary judgment was reset for February 6, 2006.
On January 20, 2006, plaintiffs propounded requests for admissions to the Commission. These requests were answered on January 23, 2006. On January 25, 2006, plaintiffs advised counsel that they took issue with the response to request for admission number 3. On January 27, 2006, counsel for respondent advised counsel for plaintiffs that Caddo Parish did not maintain the crossing. Plaintiffs asked for a continuance of the February 6 argument on the motion for summary judgment, and it was reset for February 27, 2006.
On February 3, 2006, plaintiffs propounded requests for production to the Commission. Those requests were answered on February 13, 2006, with the Commission advising the plaintiffs that it had no documents responsive to those requests. Plaintiffs also requested a third continuance of the motion for summary judgment on February 24, 2006. Plaintiffs never filed an opposition to the motion for summary judgment and have produced no countervailing affidavits.
At the February 27 hearing, the trial court denied the plaintiff's motion for a continuance and granted the Commission's motion for summary judgment. This appeal ensued.

*1262 DISCUSSION
Standard of Review
On appeal, a trial court's ruling on a motion for summary judgment is reviewed pursuant to the de novo standard of review. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002.
Our law provides that the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); Racine v. Moon's Towing, 2001-2837 (La.05/14/02), 817 So.2d 21. If the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law, then summary judgment shall be rendered. La. C.C.P. art. 966; Patton v. Strogen, 39,829 (La.App.2d Cir.8/17/05), 908 So.2d 1282, writ denied, 2005-2397 (La.3/17/06), 925 So.2d 548.
As explained in La. C.C.P. art. 966(C)(2) and throughout our jurisprudence, the burden of proof on a motion for summary judgment remains with the movant. However, when the movant will not bear the burden of proof at trial on the matter before the court on the summary judgment motion, the burden does not require the movant to negate all essential elements of the adverse party's claim, but rather to point out that there is an absence of factual support for one or more elements essential to that claim. La. C.C.P. art. 966(C)(2). If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact. Id.
As provided in La. C.C.P. art. 967(B), the adverse party may not rest on the mere allegations or denials of his pleading in response to a properly made and supported motion for summary judgment; rather, his response, by affidavits or otherwise, must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment shall be rendered against him, if appropriate. La. C.C.P. art. 967(B).
A material fact is one whose existence or nonexistence may be essential to the plaintiff's action under the applicable theory of recovery. Such facts potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.07/05/94), 639 So.2d 730; Patton, supra. Not all disputed facts are material, and summary judgment may be granted if contested facts present no legal issues. Harvey v. Francis, XXXX-XXXX (La.App. 4th Cir.3/21/01), 785 So.2d 893. Whether a disputed fact is material is determined in light of the substantive law applicable to the case. Id. Genuine issues are triable issues for the fact that reasonable persons could disagree as to the conclusion. Patton, supra.
A denial of a motion for continuance will not be disturbed absent a showing of an abuse of discretion by the trial court. Woods v. City of Shreveport, 30,393 (La.App.2d Cir.10/26/05), 914 So.2d 635.
The record before this Court clearly shows that the motion for summary judgment filed came before the trial court on three occasions. Prior to the first setting, the plaintiffs took absolutely no steps to conduct any discovery. On the Friday before the argument was to be held, appellants *1263 sought a continuance to conduct discovery. The motion for summary judgment was reset for argument on February 6, 2006, with all discovery to be completed by January 31, 2006.
On January 20, 2006, the plaintiffs served requests for admissions on the Commission. This was their first attempt to conduct any discovery in the case. Responses were not due within the time frame allowed by the court nor were they due before argument on the motion for summary judgment. Nevertheless, that discovery was responded to. The plaintiffs took issue with the defendant's response to their request for admission number 3 and sought another continuance on the motion for summary judgment. The only opposition the plaintiffs have ever filed to the properly supported motion for summary judgment has been in the nature of a continuance.
The Commission argued that it appropriately responded to the discovery requests and further advised the appellants that it had no responsibility for the signing on this crossing. The trial court properly ruled that the response to this request was clear and adequately shows that the Commission was in no way involved in the marking of the crossing.
After a review of the entire record in this case, it is clear that the trial court allowed the plaintiffs ample time for discovery before proceeding to the merits of the properly supported motion for summary judgment. The responses of the Commission to discovery were adequate and timely. Unfortunately, plaintiffs waited until the eve of the various settings of the motion for summary judgment before requesting any discovery. This was a dilatory tactic that was not allowed by the trial court after the third time. There was no showing of abuse of discretion by the trial court in denying the continuance.
Further, the motion for summary judgment filed by the Commission was properly supported by the affidavit of Woodrow Wilson, the Director of Public Works for Caddo Parish. Mr. Wilson stated that the crossing at issue in this case is located within the City of Shreveport. As such, neither the surrounding streets nor crossing are maintained by the Parish. Because the Parish has no responsibility for the crossing, it cannot be liable to the plaintiffs as a matter of law. As such, the plaintiffs' contentions are without merit.

CONCLUSION
Based on the above, we affirm the decision of the trial court denying the plaintiffs' motion for continuance and granting the defendant's motion for summary judgment. Costs assessed to the plaintiffs.
AFFIRMED.