953 So.2d 968 (2007)
Jessie Mae HARGROVE, Plaintiff-Appellant,
v.
Ezell GOODS, In His Official Capacity, The City of Tallulah, Fire Department and St. Paul Fire & Marine Insurance Company, Defendants-Appellees.
Nos. 41,817-CA, 41,934-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2007.
*970 Raymond L. Cannon, Tallulah, for Appellant, Jessie Mae Hargrove.
Hudson, Potts, & Bernstein by D. Brian Allen, Johnny R. Huckabay, II, Monroe, for Appellees, St. Paul Fire & Marine Ins. Co., The City of Tallulah, Tallulah Fire Department and Ezell Goods, In his Official Capacity.
Hayes, Harkey, Smith & Cascio by Thomas M. Hayes, III, Laura S. Achord, Monroe, Mulhearn and Smith by Leroy Smith, Jr., Tallulah for Appellee, Walker & Wells Contractors, Inc.
Before STEWART, CARAWAY and DREW, JJ.
STEWART, J.
In these consolidated cases, Jessie Mae Hargrove ("Hargrove") appeals the trial court's denial of her motion for continuance and its grant of the defendants' motion for summary judgment. For the reasons explained more fully herein, we affirm the trial court.

FACTS
On July 22, 2002, a fire occurred at 310 Fish Street (also referred to as Wyche Street), in Tallulah, Louisiana. This home was being rented by Jessie Mae Hargrove ("Hargrove"). Ms. Hargrove alleged that the Tallulah Fire Department ("TFD") arrived at the scene and proceeded to stand around and watch her home burn, and when they decided to attempt to put out the fire, the fire truck had no water. Hargrove further alleged that TFD failed to call for backup. As a result, her abode completely burned, and she suffered numerous damages. Plaintiff has sued Chief Goods in his official capacity as the chief of TFD, the City of Tallulah, the TFD, and St. Paul Fire and Marine Insurance Company, the City of Tallulah's insurance carrier. On May 2, 2006, Ms. Hargrove added Walker and Wells Contractor, Inc. ("Walker and Wells") as a defendant.
On October 31, 2005, defendants filed a motion for summary judgment contending that plaintiff could not maintain a cause of action because they were immunized from liability by law. Further, because they were performing policymaking or discretionary acts, they owed no duty to plaintiff in their actions on these premises. On November 28, 2005, plaintiff filed a motion to continue the hearing on the motion for summary judgment because of various issues with plaintiff's counsel's schedule and workload, and the resolution of outstanding discovery matters. The hearing on the motion for summary judgment was reset three times. Finally, the hearing on the motion for summary judgment was set for June 7, 2006, at which time the trial court denied the plaintiff's motion for continuance of the hearing and granted the defendants' motion for summary judgment. This appeal ensued.

*971 DISCUSSION
Standard of Review
On appeal, a trial court's ruling on a motion for summary judgment is reviewed pursuant to the de novo standard of review. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002.
Our law provides that the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); Racine v. Moon's Towing, 2001-2837 (La.05/14/02), 817 So.2d 21. If the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law, then summary judgment shall be rendered. La. C.C.P. art. 966; Patton v. Strogen, 39,829 (La.App.2d Cir.8/17/05), 908 So.2d 1282, writ denied, 2005-2397 (La.3/17/06), 925 So.2d 548.
As explained in La. C.C.P. art. 966(C)(2) and throughout our jurisprudence, the burden of proof on a motion for summary judgment remains with the movant. However, when the movant will not bear the burden of proof at trial on the matter before the court on the summary judgment motion, the burden does not require the movant to negate all essential elements of the adverse party's claim, but rather to point out that there is an absence of factual support for one or more elements essential to that claim. La. C.C.P. art. 966(C)(2). If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact. Id.
As provided in La. C.C.P. art. 967(B), the adverse party may not rest on the mere allegations or denials of his pleading in response to a properly made and supported motion for summary judgment; rather, his response, by affidavits or otherwise, must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment shall be rendered against him, if appropriate. La. C.C.P. art. 967(B).
A material fact is one whose existence or nonexistence may be essential to the plaintiff's action under the applicable theory of recovery. Such facts potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.07/05/94), 639 So.2d 730; Patton, supra. Not all disputed facts are material, and summary judgment may be granted if contested facts present no legal issues. Harvey v. Francis, XXXX-XXXX (La.App. 4th Cir.3/21/01), 785 So.2d 893. Whether a disputed fact is material is determined in light of the substantive law applicable to the case. Id. Genuine issues are triable issues for the fact that reasonable persons could disagree as to the conclusion. Patton, supra.
A denial of a motion for continuance will not be disturbed absent a showing of an abuse of discretion by the trial court. Woods v. City of Shreveport, 30,393 (La.App.2d Cir.10/26/05), 914 So.2d 635.
Hargrove contends that the trial court erred in granting summary judgment finding that the firemen were entitled to qualified immunity under La. R.S. 9:2793.1, because the firemen were not grossly negligent and there was water pumping to fight the fire within minutes of their arrival at the scene. The plaintiff made requests for production from the defendants of all of the results of drug tests and its *972 drug testing policies and procedures for the last eight years as well as the city's fire ratings provided by insurance companies. Each of the requests was objected to by the defendants as irrelevant, but the defendants tendered all available drug testing policies and results to the plaintiff. Plaintiff asserts that a September 2002 drug test of a TFD fireman which shows a positive test for cannabis is indicative of a pattern of behavior within the department and sufficient to meet its burden of proof that there is a genuine issue of material fact concerning the liability of the defendants. However, the fire at issue occurred in July 2002. Moreover, the plaintiff has not demonstrated that the trial court should have considered this evidence of this positive drug test as a triable issue of fact regarding the impairment of the TFD employees the day of the fire.
Lastly, plaintiff sought a continuance of the hearing on the defendants' motion for summary judgment on the grounds that plaintiff needed to conduct discovery on the responsibility of the third party contractor, who had been identified by the defendants as responsible for not maintaining the fire hydrants which were "dry" when the defendants sought to use them to extinguish the fire at plaintiff's residence. Plaintiff also argued that the role of third party contractor, Walker and Wells, in diverting water improvements from the plaintiff's neighborhood was illegal and a cause in fact of the plaintiff's damage.
We find that summary judgment was proper in the instant case. A party may not rest on mere allegations, but must give specific facts to avoid defeat via summary judgment. The plaintiff's allegation that she was told by Harold Allen that there was only 150 gallons of water in the fire truck is unsubstantiated. Moreover, the TFD call log shows that the alarm time was 2:39 a.m., and the arrival time was 2:40 a.m. The fire department arrived with two trucks. Chief Good testified that the trucks had at least 700 to 750 gallons of water in them, and there is no evidence that the pump was not working. The testimony of two other firemen also supports the fact that there was plenty of water to fight the fire. The plaintiff has submitted no evidence to support her allegation of malfunction. No firemen have been deposed by the plaintiff in the three years this matter has been pending, so there is no support for this self-serving claim.
The affidavits submitted by the plaintiff concerning the quality and nature of the efforts of the TFD were given by lay persons who are not experts in fire prevention or firefighting and are unsubstantiated by any credible evidence under La. C.C.P. art 967.
Furthermore, there is no cause of action against the defendants as they have qualified immunity under La. R.S. 9:2793.1, which states that there is no cause of action against a public entity or the officers and employees thereof for damage to property at the site of a crime, accident, or fire, including without limitation the destruction or deterioration of property, while the officer or employee was acting in the course and scope of his office or employment. The scenario contemplated by this lawsuit is exactly the set of circumstances under which the TFD is entitled to immunity. Industrial Risk v. New Orleans Public Serv., 735 F.Supp. 200, 205 (E.D. La. 1990).
In the absence of gross negligence, plaintiff cannot maintain this cause of action, and she has failed to allege gross negligence. Nothing in the plaintiff's petition fits within the parameters of the definition of gross negligence. Each of the plaintiff's allegations concerning the care *973 exercised by TFD in fighting the fire are unsupported by the record.
It is true that the first fire hydrant that the TFD attempted to use was not working. However, there was no reason for the officers to suspect that the hydrant was deficient. Moreover, upon discovering the problem, the firemen quickly moved to two nearby hydrants and proceeded to take measures to stop the fire. There is nothing in that sequence of events that suggests wanton or gross negligence.
Not only are defendants entitled to qualified immunity under La. R.S. 9:2793.1, but they are protected under the Public Duty Doctrine, La. R.S. 9:2798.1, which states:
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise their policymaking or discretionary acts when such acts are within the course and scope of their duties.
Therefore, any acts or omissions by the defendants in the course and scope of fighting the fire which consumed the plaintiff's home are shielded from liability by this statute.
Even in the absence of any immunity by statute, plaintiff has failed to show the breach of any duty by the defendants under Louisiana tort law. It is illogical to suggest that a firefighter has breached his duty because an already burning building is damaged in the course of extinguishing the subject fire.
Moreover, the trial court properly denied the plaintiff's request for continuance. There is no absolute right to delay summary judgment until discovery is finished. The purported evidence plaintiff sought was not relevant to the ultimate issue of liability. The 2002 drug test of fireman Terry Cooper was two months after the fire at issue and irrelevant to any liability of the TFD in July. There was no just reason for further delay given by the plaintiff. The purported "Katrina phenomenon," whereby there have been extraordinary delays in various legal proceeding because of the disruption caused by the storm, is not as germane to North Louisiana as it is in areas directly affected by the storm. Quite simply, plaintiff has had two attorneys and three years to conduct discovery and has failed to do so. Thus, the trial court properly denied her continuance and granted the motion for summary judgment.
The plaintiff added defendant Walker and Wells as a co-defendant more than four years after the fire occurred. Her amended petition set forth a cause of action against Walker and Wells based solely in tort.
The trial court properly granted the defendant's exception of prescription. Plaintiff failed to introduce evidence to establish that her action against Walker and Wells lies in contract or was for a violation of the public bid law. Plaintiff argues that her action against the defendant was in contract because she was a third party beneficiary of the City of Tallulah's water distribution improvement contract with Walker and Wells. However, to maintain an action in tort as a third party beneficiary, Louisiana law requires that the contract clearly express the intent of contracting the parties to stipulate to the advantage of a third person. Wall v. First Nat'l Bank, 482 So.2d 865 (La.App. 2d Cir.1986). Plaintiff has offered no such evidence. Moreover, even if she established the existence of a public improvement contract:
The contracts of a city . . . are entered into for public benefit . . . but these contracts are not stipulations pour autrui in favor of the inhabitants individually . . . a municipal corporation is nothing *974 more than a fictious being created for the purpose of administering the affairs of the public, and necessarily all its contracts are for `public benefit'; but is does not follow that they are all stipulations pour autrui in favor of the inhabitants individually, and that the latter may bring suit thereon.
Neighborhood Action Comm. v. State, 652 So.2d 693 (La.App. 1 Cir.1995), quoting Allen & Currey Mfg. Co. v. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980, 986 (1905).
Contrary to plaintiff's allegations, the Public Bid Law does not permit a citizen to recover damages from a contract for alleged bid law violations.
In sum, plaintiff has failed to demonstrate that prescription was suspended, interrupted or otherwise renounced. Thus, the trial court was correct in granting the exception.

CONCLUSION
Therefore, we affirm the judgment of the trial court denying the plaintiff's motion for continuance and granting the defendants' motion for summary judgment and exception of prescription.
AFFIRMED.