961 So.2d 575 (2007)
Jessie Lee MARTIN, Jr., Plaintiff-Appellant
v.
JKD INVESTMENTS, LLC, Donald Joseph Allen and Jonesboro State Bank, Defendants-Appellees.
No. 42,196-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*576 Chris Lane Bowman, Jonesboro, for Appellant.
Bobby L. Culpepper, Jonesboro, for Appellee.
Before BROWN, GASKINS, and CARAWAY, JJ.
BROWN, Chief Judge.
Plaintiff, Jessie Lee Martin, appeals the trial court's granting of a motion for summary judgment in favor of defendants, JKD Investments, LLC, Donald Joseph Allen, and Jonesboro State Bank. For the following reasons, we affirm.

Facts and Procedural Background
In the summer of 2001, Martin began the process of constructing a home on the five and one-half acres of land he inherited from his mother. Martin went to the Jonesboro State Bank to meet with Donald Joseph Allen, an employee and officer of the bank, about getting a loan for the construction, after which the bank loaned Martin approximately $90,000.
Shortly after Martin received the loan from Jonesboro State Bank, Martin's sister, Carrie Angela Martin, made an inter vivos donation of the five and one-half acres that she inherited from her mother to Martin.[1] On the day he received his sister's portion of the land, Martin, without reading the document he was signing, conveyed the mineral rights to the entire property to JKD Investments, LLC, for $3,000.[2] Martin cashed the check and deposited $2,000 into his construction account that same day.
In early 2005, while at Jonesboro State Bank, Martin found out that Allen owned the mineral rights to his property. After further investigation into the matter, Martin filed suit against Allen, Jonesboro State Bank, and JKD Investments for defrauding him out of his mineral rights. Martin sought to have the mineral deed rescinded and damages awarded. Defendants filed a motion for summary judgment which was opposed by Martin. The trial court held that Martin's response to defendants' motion for summary judgment failed to meet the statutory requirements and granted summary judgment. From this adverse judgment, Martin has appealed.

Discussion
Summary Judgment
Appellate courts review summary judgment de novo, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Shelton v. Standard/700 Associates, 01-0587 (La.10/16/01), 798 So.2d 60; Mackey v. Jong's Super Value No. 2, 41,440 (La.App. 2d Cir.09/27/06), 940 So.2d 118. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). The procedure is favored under Louisiana law and shall be construed to accomplish these ends. Id. Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together *577 with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B).
The movants, in this case, defendants, have the burden of proof. La. C.C.P. art. 966(C)(2). However, because defendants will not bear the burden of proof at trial, their burden does not require them to negate all essential elements of Martin's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to his claim. Id. If defendants meet this initial burden of proof, the burden shifts to Martin to produce factual support sufficient to establish that he will be able to meet his evidentiary burden at trial. Id. If Martin fails to meet this burden, there is no genuine issue of material fact, and defendants are entitled to summary judgment. La. C.C.P. art. 966.
As provided in La. C.C.P. art. 967(B), Martin may not rest on the mere allegations of his pleading in response to a properly made and supported motion for summary judgment; rather his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).
A material fact is one whose existence or nonexistence is essential to the plaintiff's cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.07/05/94), 639 So.2d 730; Hargrove v. Goods, 41,817 (La.App. 2d Cir.02/28/07), 953 So.2d 968. Not all disputed facts are material, and summary judgment may be proper if the contested facts present no legal issues. Id.
Martin contends that the trial court erred in granting defendants' motion for summary judgment as there existed genuine issues of material fact. It is his contention that Allen, acting in concert with the other defendants, defrauded him of his mineral interest in the land he inherited from his mother and the land gifted to him by his sister. Furthermore, Martin alleges that, contrary to the three affidavits put forth by defendants, he did not sign the mineral deed in the presence of any witnesses or a notary public.[3] Based on the aforementioned, Martin argues that defendants' acts were fraudulent and that the executed mineral deed should be rescinded with defendants paying damages.
In support of their motion for summary judgment, defendants attached Martin's deposition, in which plaintiff testified that he signed the mineral deed without reading it. This statement effectively quashes Martin's fraud claim and renders the factual dispute over whether witnesses and a notary were present immaterial at the same time.
Martin's unsubstantiated claim that he and Allen were alone when he signed the mineral deed, as opposed to having the witnesses and notary public present, is not a material fact in that its existence or nonexistence is not essential to plaintiff's cause of action under the applicable theory of recovery. See Smith, supra. A transfer of immovable property must be made by authentic act or by act under private signature. La. C.C. art. 1839. Any party against whom an act under private signature is asserted must acknowledge his signature *578 or deny that it is his. La. C.C. art. 1838. As noted above, during his deposition, Martin acknowledged that the signature on the mineral deed is his. This acknowledgment renders the factual dispute over whether two witnesses and a notary were present immaterial, since in one scenario the transfer was made by authentic act and in the other scenario the transfer was made by act under private signature. Under both scenarios the transfer was valid.
With regards to his allegation of fraud, Martin's claim that he never read the mineral deed when he signed it negates the possibility of his being defrauded by defendants. Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill. La. C.C. art. 1954. Clearly this is a situation in which the truth could have been ascertained without difficulty, inconvenience, or special skill since the document specifically stated that Martin was conveying his mineral rights to JKD Investments, LLC. Thus, by showing that Martin failed to ascertain what he was signing, when he could have easily read the document before signing it, defendants met their burden of proving the lack of factual support for fraud. Therefore, the burden shifts to Martin to produce factual support sufficient to establish that he would be able to meet his evidentiary burden at trial.
Martin's response to defendants' motion for summary judgment, however, was that "[t]here are numerous issues of genuine fact as outlined even in the Defendant's submissions." Martin did not set forth one specific fact to show that there was a genuine issue for trial, much less any factual circumstances constituting fraud. He relied solely on the allegations in his pleading.[4] Thus, in accordance with La. C.C.P. art. 967(B), we find that, due to Martin's failure to adequately respond to defendants' motion for summary judgment, the trial court's granting of summary judgment in favor of defendants was proper.
Reasons Incorporated into Judgment
Martin also contends that the trial court erred by incorporating the written reasons for judgment into its final judgment, contrary to La. C.C.P. art. 1918, and, accordingly, he requests that the judgment be set aside.
La. C.C.P. art. 1918 states:
A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.
The supreme court, however, has held that the language contained in the second sentence of La. C.C.P. art. 1918 is precatory and, as such, does not render an otherwise complete and valid judgment invalid merely because it contains surplus language. Hinchman v. International Brotherhood of Electrical Workers, Local Union # 130, 292 So.2d 717 (La.1974); see also Country Club of Louisiana Property Owners Ass'n, Inc. v. Dornier, 96-0898 (La. App. 1st Cir.02/14/97), 691 So.2d 142.
Accordingly, we find that this assignment of error has no merit and that the final judgment of the trial court stands.

Conclusion
For the foregoing reasons, we affirm the trial court's ruling granting summary judgment in favor of defendants. Costs of *579 this appeal are to be assessed to plaintiff, Jessie Lee Martin.
NOTES
[1] Carrie Martin originally made a inter vivos donation of her "five acres, more or less," on October 20, 2000. This second donation, which is dated June 22, 2001, purports to convey all of her undivided interest not transferred in the October 2000 deed. The amount of land not originally transferred, if any, is not evidenced in the record.
[2] JKD Investments, LLC, is owned and operated by Donald Joseph Allen.
[3] The affidavits of the two witnesses, Tammy Walsworth and Sandra Garrett, as well as the notary public, Fannie Gates, stated that Jessie Lee Martin executed the mineral deed in their presence.
[4] We further note Martin's pleading fails to set forth the circumstances constituting fraud with particularity, as required by La. C.C.P. art. 856.