981 So.2d 192 (2008)
Henry PETERSON, Plaintiff-Appellant,
v.
CITY OF TALLULAH, Defendant-Appellee.
No. 43,197-CA.
Court of Appeal of Louisiana, Second Circuit.
April 23, 2008.
*193 Raymond L. Cannon, Tallulah, for Appellant.
Carol Powell-Lexing, for Appellee.
Before BROWN, CARAWAY, and LOLLEY, JJ.
BROWN, Chief Judge.
Plaintiff, Henry Peterson, appeals from a trial court decision granting a motion for summary judgment in favor of defendants, Donell Rose and the City of Tallulah, and denying his motion for continuance. For the following reasons we affirm.

Facts and Procedural Background
On November 30, 2006, Henry Peterson's home was burglarized. His guns, cell phone, and other personal property were taken. Peterson reported the burglary to the Tallulah Police the following day. A few days later Peterson located his missing items on the seat of a vehicle and he subsequently reported this to the police.
On December 18, 2006, while Peterson was at the Madison Parish Sheriff's Office following up on the burglary, his home was broken into again. Peterson claims that *194 "the perpetrators were associates of persons who were at large for unsolved crimes in Tallulah, Louisiana," and that, as a result of the burglaries and increased crime in the area, his health has suffered.
Peterson filed a petition for declaratory judgment and money damages in forma pauperis against defendants, Donnell Rose and the City of Tallulah, on January 11, 2007. Peterson's petition alleged that Rose, as Chief of Police, failed to formulate and implement an appropriate policy of law enforcement that would provide protection and deter crime. The City of Tallulah was sued because it owns the property and pays for the operation of the Tallulah Police Department.
Defendants filed a motion for summary judgment on April 2, 2007, on the basis that they were afforded immunity by La. R.S. 9:2798.1. Peterson opposed the motion for summary judgment and concurrently filed a motion to continue the hearing on the motion for summary judgment. The trial court heard the matter on July 13, 2007, and rendered judgment denying Peterson's motion for continuance and granting defendants' motion for summary judgment on August 1, 2007. Peterson has appealed those adverse rulings.

Discussion
A court of appeal reviews a trial court's ruling on a motion for summary judgment de novo. Jones v. Estate of Santiago, 03-1424 (La.04/14/04), 870 So.2d 1002; Hargrove v. Goods, 41,817 (La.App.2d Cir.02/28/07), 953 So.2d 968.
A motion for summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Once the motion for summary judgment has been properly supported by the moving party, the inability of the nonmoving party to bring forth evidence of a material factual dispute mandates the granting of the motion. Racine v. Moon's Towing, 01-2837 (La.05/14/02), 817 So.2d 21.
The party opposing the motion for summary judgment may not rest on the mere allegations or denials of his pleading in response to a properly made and supported motion for summary judgment; rather, his response, by affidavits or otherwise, must set forth specific facts showing a genuine issue for trial. Martin v. JKD Investments, LLC, 42,196 (La.App.2d Cir.06/20/07), 961 So.2d 575. Otherwise, summary judgment shall be rendered against him, if appropriate. La. C.C.P. art. 967(B).
On appeal, Peterson asserts two assignments of error. First, that the trial court erred in granting defendants' motion for summary judgment and, second, that the trial court erred in denying his motion for continuance.
Defendants' motion for summary judgment was based on their contention that they were entitled to immunity under La. R.S. 9:2798.1. This statute concerns the policymaking or discretionary acts or omissions of public entities or their officers or employees, and provides in pertinent part:
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
Immunity from liability provided for in La. R.S. 9:2798.1 is essentially the same as the immunity conferred on the federal government by the exception in the Federal Tort Claims Act. Taylor v. *195 City of Shreveport, 26,820 (La.App.2d Cir.04/07/95), 653 So.2d 232, writ denied, 95-1131 (La.06/16/95), 655 So.2d 333; Kniepp v. City of Shreveport, 609 So.2d 1163 (La.App. 2d Cir.1992), writ denied, 613 So.2d 976 (La.1993). The Louisiana Supreme Court has adopted the United States Supreme Court's two-step inquiry set forth in Berkovitz v. United States, 486 U.S. 531, 1085 S.Ct. 1954, 100 L.Ed.2d 531 (1988), to analyze the application of immunity under La. R.S. 9:2798.1. The Berkovitz inquiry examines (1) whether a statute, regulation or policy specifically prescribes a course of action, and (2) whether the challenged action is grounded in social, economic or political policy. Immunity based on La. R.S. 9:2798.1 is allowed when a policy judgment is made at the ministerial level, not at the operational level. Fowler v. Roberts, 556 So.2d 1 (La. 1989), on rehearing, 556 So.2d 13 (La. 1990).
A police chief's policymaking decisions include budgeting concerns such as the size of the department, the number of units needed to patrol the city, the size of patrol districts, and in certain situations, where and when to deploy limited resources when faced with competing emergencies.
To support their motion for summary judgment, defendants put forth an affidavit in which the Chief of Police, Donnell Rose, and the Mayor of the City of Tallulah stated that they were responsible for the budgets of the City's Police Department and City, respectively. Specifically, the police chief has the ministerial task of determining how, when, and where to deploy his police officers in order to best serve the city as a whole within its budget constraints. This includes determining how many officers are needed to patrol certain areas and how the officers are to respond to calls for assistance. Based upon this evidence, defendants adequately supported their claim for immunity. Thus, it was incumbent on Peterson to set forth specific facts to show the existence of a genuine issue of material fact. Peterson's opposition to the motion for summary judgment, however, rested almost completely on the allegations made in his initial pleading.[1]
Lastly, Peterson sought a continuance of the hearing on defendants' motion for summary judgment on the grounds that he did not have an adequate amount of time to conduct and review discovery. In support of this argument, Peterson's counsel stated that he was not afforded sufficient time to review certain discovery as he had, among other things, "a busy client docket in light of the various dragnets being conducted for drug cases in the Sixth Judicial [D]istrict. . . . "[2]
A defendant's motion for summary judgment may be made at any time. La. C.C.P. art. 966(A). The trial court has the discretion to issue a summary judgment, even though the parties have not completed discovery. Eason v. Finch, 32,157 (La. App.2d Cir.08/18/99), 738 So.2d 1205, writ denied, 99-2767 (La.12/10/99), 751 So.2d 861. The only requirement is that the parties be given a fair opportunity to present their claims and, unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact. Smith v. *196 General Motors Corp., 31, 258 (La.App.2d Cir.12/09/98), 722 So.2d 348.
A denial of a motion for continuance will not be disturbed on appeal absent a showing of an abuse of discretion by the trial court. Hargrove, supra. In this case, the action was filed in January, the summary judgment motion was filed in April, and the matter was heard in July. Thus, it was within the trial court's discretion to find that there was sufficient time for plaintiff to conduct and review discovery.
As there is no absolute right to delay an action on a motion for summary judgment until discovery is complete, the trial court correctly denied Peterson's motion for continuance. Therefore, we find that the trial court did not abuse its discretion by denying plaintiff's request for continuance and granting summary judgment in favor of defendants.

Conclusion
For the foregoing reasons, the judgment of the trial court denying plaintiff's motion for continuance and granting defendants' motion for summary judgment is hereby affirmed.
NOTES
[1] Even in the absence of any immunity by statute, Peterson failed to show the breach of any duty by defendants under Louisiana tort law.
[2] This argument seems to contradict plaintiff's assertion that the police had failed to take reasonable steps to deter crime.