PEATROSS, J.
 

 |tIn this case involving allegations of child molestation, the trial court granted two Motions in Limine filed by Defendants, William Lolley and Southern Hills Daycare, excluding the live testimony of C.G., a child, and her videotaped testimony taken at the Shreveport Police Department, Plaintiff, Tiffany Galloway, who is the child’s mother, requested a continuance to secure the testimony of the child’s interviewer from the Shreveport Police Department, which was subsequently denied by the trial court. After the eviden-tiary rulings, the brief testimony of Ms. Galloway was presented and Plaintiff rested her case. Defendants then moved for a directed verdict to dismiss Plaintiffs case and the trial court granted the motion. This appeal ensued. For the reasons stated herein, we affirm.
 

 FACTS
 

 Ms. Galloway testified that, on April 14, 2005, she picked up her daughter, C.G., from her sister’s home and discovered that the child, who was nearly three years old at the time, had been the victim of child molestation. At trial, Ms. Galloway testified that C.G. was exhibiting strange behavior, such as wetting her pants, crying and referring to the man she called “the potty monster,” who she said scared her in the bathroom at Southern Hills Daycare. After speaking more extensively to her sister and to C.G., Ms. Galloway deter
 
 *481
 
 mined that C.G. had been molested on several occasions in the bathroom of the daycare by the owner, Mr. Lolley.
 

 Ms. Galloway had the child examined by her physician. She also called the Shreveport Police Department and Child Protection Services. The child was interviewed at the Shreveport Police Department by forensic 12interviewer Jennifer Flippo. In spite of Ms. Galloway’s efforts, no charges were brought against Mr. Lolley by any of the public agencies she had contacted and informed of the alleged molestation. When Ms. Galloway confronted Mr. Lolley, he denied the allegations and the matter proceeded to trial.
 

 As previously stated, the trial that took place in August 2008 was extremely brief. Through two successful Motions in Limine, Defendants eliminated the majority of the evidence that Plaintiff intended to use in order to carry her burden of proof in the ease. On learning that she would not be permitted to use the testimony of the child or the videotaped police interview of the child, Plaintiff moved to continue the trial to secure the testimony of the child’s interviewer. The trial court denied the request for a continuance, after which Plaintiff rested, and as previously stated, the defense moved for a dismissal of the case and the trial court granted Defendants’ motion.
 

 Ms. Galloway now appeals.
 

 DISCUSSION
 

 In Ms. Galloway’s first and second assignments of error, she asserts that the trial court erred when it granted Defendants’ two Motions in Limine prohibiting C.G. from testifying at trial and excluding the videotaped testimony of the child. The record reveals, however, that Ms. Galloway failed to submit a proffer of the evidence excluded by the trial court in accordance with La. C.C.P. art. 1636. Accordingly, the evidence excluded by the trial court below is not available for appellate review by this court; |sand we, therefore, will not review the evidentiary rulings complained of in Ms. Galloway’s first and second assignments of error.
 
 Sher v. Lafayette Ins. Co.,
 
 07-2441 (La.4/8/08), 988 So.2d 186;
 
 Foley v. Entergy Louisiana Inc.,
 
 06-0983 (La.11/29/06), 946 So.2d 144.
 

 In Ms. Galloway’s third assignment of error, she contends that the trial court abused its discretion in refusing to grant her Motion for Continuance at trial. Ms. Galloway contends that the trial court should have granted the continuance so she could have procured the testimony of the forensic interviewer, Ms. Flippo, who conducted the videotaped police interview of C.G. It is Ms. Galloway’s position that the trial court’s refusal to grant the continuance, in addition to its rulings on Defendants’ Motions in Limine, prevented her from carrying her burden of proof in this case.
 

 A continuance may be granted in any case if there is good ground therefor.
 
 See
 
 La. C.C.P. art. 1601. A continuance shall be granted if, at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case or that a material witness has absented himself without the contrivance of the party applying for the continuance.
 
 See
 
 La. C.C.P. art. 1602. A denial of a motion for continuance will not be disturbed on appeal absent a showing of an abuse of discretion by the trial court.
 
 Peterson v. City of Tallulah,
 
 43,197 (La.App.2d Cir.4/23/08), 981 So.2d 192;
 
 Hargrove v. Goods,
 
 41,817 (La.App.2d Cir.2/28/07), 953 So.2d 968.
 

 |4The record reveals that Ms. Galloway filed the original Petition for Damages in April 2006 and that she subsequently filed three continuances prior to the final trial
 
 *482
 
 date in August 2008. Additionally, the record reveals no attempt by Ms. Galloway over the two years prior to trial to secure the witness testimony of forensic interviewer, Ms. Flippo,
 
 via
 
 trial subpoena or any other means. We, thus, find that the trial court did not abuse its discretion in denying Ms. Galloway’s fourth request for a continuance in this matter.
 
 See Peterson, supra; Hargrove, supra.
 

 CONCLUSION
 

 For the reasons stated above, we affirm the judgment of the trial court dismissing Plaintiffs case. Costs of this appeal are assessed to Ms. Galloway.
 

 AFFIRMED.