# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-867

**WILLIAM K. ROGERS, INDIVIDUALLY AND
O/B/O MARTHA LAVERNE ROGERS**

**VERSUS**

**HILLTOP RETIREMENT & REHABILITATION CENTER, ET AL.**

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 245,663 "D"
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and John E. Conery, Judges.

**AFFIRMED.**

**John E. Morton
Morton Law LLC
Post Office Box 11950
Alexandria, LA   71315
(318) 448-1771
COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **William K. Rogers, Individually
    and on behalf of Martha Laverne Rogers**

**Brandon A. Sues
Gold, Weems, Bruser, Sues & Rundell
Post Office Box 6118
Alexandria, LA   71307-6118
(318) 445-6471
COUNSEL FOR DEFENDANT/APPELLEE:**
    **Devinder Verma, M.D.**

**David R. Sobel**
**Jeremy C. Cedars**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**Post Office Drawer 1791**
**Alexandria, LA   71309-1791**
**(318) 445-3631**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Hilltop Retirement & Rehabilitation Center**

**AMY, Judge.**

The plaintiff alleges that his mother suffered injuries as a result of medical malpractice by a doctor and a nursing home. A medical review panel returned a unanimous opinion in favor of the doctor and the nursing home. Soon after the plaintiff filed suit, the defendants filed a motion for summary judgment, contending that the plaintiff could not prove either that the defendants breached the applicable standard of care or, if the standard of care was breached, that any injuries suffered by the plaintiff's mother were caused by the breach. The trial court granted the defendant's motions and dismissed the plaintiff's claims. The plaintiff appeals. For the following reasons, we affirm.

### Factual and Procedural Background

The plaintiff, William K. Rogers, filed this suit "individually and on behalf of Martha Laverne Rogers."[1] According to the record, Ms. Rogers was a resident at a nursing home from 2007 until her death on April 10, 2010. Ms. Rogers had been admitted to the hospital in late March of 2010, where she was diagnosed with pneumonia and new-onset atrial fibrillation and underwent a bronchoscopy to clear a mucous plug. Ms. Rogers returned to the nursing home for hospice care shortly before her death.

Alleging that Ms. Rogers' death was the result of medical malpractice, the plaintiff filed a request for a medical review panel in November of 2010 against Hilltop Retirement and Rehabilitation Center and Dr. Devinder Verma. In June of 2012, the medical review panel issued a unanimous opinion finding no breach of the standard of care on the part of either Hilltop or Dr. Verma. The plaintiff filed suit on October 3, 2012. Hilltop and Dr. Verma's answers were filed by November

---

[1] Ms. Rogers is also referred to as "Martha Lavergne Rogers" in the record.

13, 2012. Approximately one month after all answers were filed, both Hilltop and Dr. Verma filed motions for summary judgment, contending therein that the plaintiff could not meet his burden of proof with regard to either breach of the applicable standard of care, or a causal connection between any breach and Ms. Rogers' injuries. A hearing on the motions for summary judgment was scheduled for February 25, 2013.

Contending that he would be able to meet his evidentiary burden, the plaintiff timely provided an affidavit from a nursing home administrator, Jake Lighten, LNHA, MHA. Therein, Mr. Lighten observed that, based on his review of Ms. Rogers' medical records, on March 22, 2010, before her hospitalization, Ms. Rogers exhibited an abnormal sleeping pattern and was left in bed in a semi-responsive to non-responsive state. He opined that Hilltop staff failed to recognize the abnormal pattern and failed to assess or document it. Further, Mr. Lighten noted two gaps in Ms. Rogers' medical records, one from February 23, 2010, to March 22, 2010, and one from January 15, 2010, to January 21, 2010. He stated that "[t]his lack of documentation led up to a hospitalization and a decline in condition." Mr. Lighten also stated that "[a] nurse is responsible for knowing and following the recognized standard of care, which requires suctioning of the ET tube to avoid or remove the mucous plug."

Thereafter, the plaintiff sought a continuance of the February 25, 2013 hearing and an extension of the deadline for filing an opposition. On February 19, 2013, the plaintiff filed a supplemental opposition to the motions for summary judgment and included the affidavit of Diane Brown-Bell, R.N. Therein, Ms. Brown-Bell enumerated what she considered to be a number of failings on the part of Hilltop's nursing staff, including items such as "failure to administer Roxanol as

2

per order for pain or shortness of breath" and "failure to notify attending physician, Dr. Renois, of change in condition[.]"[2] Neither Mr. Lighten nor Ms. Brown-Bell's affidavits address causation.

The trial court denied the plaintiff's motion to continue and motion to extend the deadline for filing an opposition. Further, finding that Ms. Brown-Bell's affidavit was untimely, the trial court struck her affidavit. Addressing the merits of the defendants' motions for summary judgment, the trial court found that the plaintiff had not created any genuine issues of material fact with regard to any breach of the applicable standard of care by Dr. Verma or any issue concerning causation with regard to Hilltop. Accordingly, the trial court granted the defendants' motions for summary judgment and dismissed the plaintiff's claims against them. The trial court denied a subsequent motion for new trial filed by the plaintiff.

The plaintiff appeals, asserting as error that:

1. A "de novo" review of the record herein warrants a reversal of both summary judgments because:

a. Consideration of defendants' "expanded" summary judgment claims by the trial court violated Article 966 (E) of the [Louisiana Code of Civil Procedure].

b. The trial court's grant of defendants' La.[Code Civ.P.] Article 1425/*Daubert* objections to plaintiff's opposing affidavits was contrary to law.

2. The trial court abused its discretion by:

a. Denying plaintiff's motion for additional time for late filed opposition expert affidavits, for additional discovery and/or a continuance particularly where no prejudice was shown by defendants.

---

[2] According to the record, Ms. Rogers changed her choice of primary physician from Dr. Verma to Dr. Daniel Renois in December of 2009.

b. By refusing to admit into evidence the supplemental affidavits of Jake Lighten, LNHA, MHA and Diane Brown-Bell, R.N. wherein said expert witnesses addressed defendants' credentials challenge.

**Discussion**

*The Motion for Continuance and Late-Filed Affidavit*

The plaintiff first contends that the trial court erred in denying his motion for continuance and/or for an extension of time in filing his memorandum in opposition to the defendants' motions for summary judgment. The record indicates that, on January 10, 2013, the plaintiff filed a motion for continuance, alleging that no discovery had been conducted. Further, via facsimile filing on February 14, 2013, the plaintiff submitted a motion to extend deadline for filing opposition to the defendant's motions for summary judgment. *See* La.R.S. 13:850. The trial court ultimately denied the plaintiff's motions. In so doing, the trial court noted that this litigation, including the medical review panel, had been instigated in 2010, thus providing the plaintiff with sufficient time to retain an expert.

"A continuance may be granted in any case if there is good ground therefor." La.Code Civ.P. art. 1601. The trial court's decision whether to grant or deny a continuance is reviewed for abuse of discretion. *Newsome v. Homer Mem'l Med. Ctr.*, 10-564 (La. 4/9/10), 32 So.3d 800. The trial court may take into consideration such factors as diligence, good faith, reasonable grounds, fairness to both parties and the need for the orderly administration of justice. *Ardoin v. Bourgeois*, 04-1663 (La.App. 3 Cir. 11/2/05), 916 So.2d 329. Additionally, it is within the trial court's discretion to issue summary judgment where discovery is not completed. *Peterson v. City of Tallulah*, 43,197 (La.App. 2 Cir. 4/23/08), 981 So.2d 192. However, the parties must be given "a fair opportunity to present their claims and, unless a plaintiff shows probable injustice, a suit should not be delayed

4

pending discovery when it appears at an early stage that there is no genuine issue of material fact." *Id.* at 195.

Our review of the record indicates that the plaintiff has been pursuing his cause of action for more than two years, with approximately five months of that time occurring after suit was filed and before the hearing on the motions for summary judgment. Accordingly, we find no abuse of discretion in the trial court's determination that the plaintiff had sufficient opportunity to conduct discovery and obtain appropriate expert testimony and in denying the motion for continuance.

The plaintiff also contends that the trial court erred in striking Ms. Brown-Bell's affidavit as untimely. Citing *Peoples State Bank v. Hwy One Crawfish, Inc.*, 99-1393, 99-1394 (La.App. 3 Cir. 5/24/00), 771 So.2d 101, *writ denied*, 00-2842 (La. 12/8/00), 776 So.2d 469, the plaintiff argues that "only where defendants can prove prejudice, should the court exercise its discretion to exclude Ms. Brown-Bell's affidavit."

We find no merit to this argument. Louisiana Code of Civil Procedure Article 966(B)(1) (emphasis added) provides that "[t]he motion for summary judgment, memorandum in support thereof, and *supporting affidavits* shall be served within the time limits provided in District Court Rule 9.9." Pursuant to La.Dist.Ct. Rule 9.9, opposition memoranda must be filed at least eight days before the hearing. Those time limitations are mandatory, and if an affidavit is filed untimely, the trial court may rule it inadmissible and exclude it from evidence. *Phillips v. Lafayette Parish Sch. Bd.*, 10-373 (La.App. 3 Cir. 12/8/10), 54 So.3d 739. Although the trial court has some discretion to admit late-filed materials, the trial court's decision to disallow the affidavits is not an abuse of discretion. *Id.*

The record indicates that Ms. Brown-Bell's affidavit was not filed timely. Accordingly, we find no abuse of discretion on the part of the trial court in excluding it from evidence. Further, we observe that, contrary to the plaintiff's argument, *Peoples State Bank* states that "[o]nly if there is evidence that the opposing party will be prejudiced by the late introduction of the affidavits is it reversible error for a trial court to allow the affidavits to be filed." 771 So.2d at 107. We find that the facts of this matter are distinguishable from the situation contemplated in *Peoples State Bank* and are inapplicable to this case.

The plaintiff's arguments in this regard are without merit.

*Exclusion of Evidence at Motion for New Trial*

The plaintiff also assigns as error that the trial court's exclusion of the amended affidavits of Mr. Lighten and Ms. Brown-Bell at the hearing on the plaintiff's motion for new trial. However, the plaintiff failed to brief this issue. Uniform Rules, Courts of Appeal, Rule 2-12.4 states that "[a]ll specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed." Thus, we find that the plaintiff has abandoned this issue.

*Motion for Summary Judgment*

The plaintiff also complains that the trial court inappropriately granted the defendants' motions for summary judgment. Specifically, he contends that the trial court erred in considering additional arguments posed by the defendants less than three days before the hearing on the motions. The plaintiff also argues that the trial court erred in disregarding the opinions of his expert witnesses.

The motion for summary judgment is favored in our law and shall be construed to secure the just, speedy, and inexpensive determination of actions.

La.Code Civ.P. art. 966(A)(2). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). The moving party bears the burden of proof. La.Code Civ.P. art. 966(C)(2).

> However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*Id.*

The appellate court reviews the grant or denial of motion for summary judgment de novo. *C & C Energy, L.L.C. v. Cody Invs., L.L.C.*, 09-2160 (La. 7/6/10), 41 So.3d 1134. Accordingly, the appellate court asks the same questions as the trial court should in determining whether summary judgment is appropriate—whether a genuine issue of material fact exists, and whether the moving party is entitled to judgment as a matter of law. *Id.* In the context of medical malpractice actions,

> a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794. Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. *Pfiffner v. Correa*, 1994-0924, 1994-0963, 1994-0992 (La. 10/17/94), 643 So.2d 1228.

*Samaha v. Rau*, 07-1726, pp. 5-6 (La. 2/26/08), 977 So.2d 880, 883-84. Expert testimony is also required to establish causation unless the causal connection between the breach of the standard of care and the plaintiff's damages are obvious. *See Pfiffner v. Correa*, 94-924, 94-963, 94-992 (La. 10/17/94), 643 So.2d 1228.

With regard to the plaintiff's contention that the defendants expanded the scope of their motions for summary judgment shortly before the hearing, we find no evidence in the record supportive of this assertion. The plaintiff contends that, because "medical causation" is not included as an undisputed fact and because neither of the defendants' motions includes evidence concerning medical causation, the defendants have failed to meet their burden of proof with regard to lack of medical causation. As discussed more fully below, the defendants were not required to present evidence that they did not cause any of Ms. Rogers' alleged damages. As the party not bearing the burden of proof at trial, they were only required to point out an absence of factual support for this element of the plaintiff's claim. La.Code Civ.P. art. 966(C)(2). Further, the record reveals that both Dr. Verma and Hilltop contended that the plaintiff would be unable to meet his burden of proof with regard to causation in their originally-filed motions for summary judgment.[3]

The plaintiff also argues that causation is an issue for the factfinder, and not appropriate for determination during a motion for summary judgment. However, "[w]hile the question of causation is usually an issue for the factfinder's determination, it is possible to determine this issue on summary judgment if

---

[3] For instance, in Hilltop's motion for summary judgment, Hilltop stated that "[t]here is no evidence to support the allegations that: 1) Hilltop Retirement & Rehabilitation Center deviated from the appropriate standard of care or 2) caused this patient harm." Similarly, in Dr. Verma's motion for summary judgment, Dr. Verma stated "[i]n this case, the plaintiff has failed to present expert evidence to prove the essential elements of his claim that Dr. Verma breached the standard of care and/or caused any alleged injuries."

reasonable minds could not differ." *Henderson v. Homer Mem'l Hosp.*, 40,585, p. 11 (La.App. 2 Cir. 1/27/06), 920 So.2d 988, 995, *writ denied*, 06-491 (La. 5/5/06), 927 So.2d 316. Further, in order to defeat a motion for summary judgment, the plaintiff must show that they can meet their burden of proof for every element of the claim, including the element of causation. *Robin v. Hebert*, 12-1417 (La.App. 3 Cir. 5/1/13) (unpublished opinion). Thus, we find that the element of causation was properly before the trial court and is an appropriate consideration in determining the defendants' motions for summary judgment.

Another of the plaintiff's arguments is that the trial court erred in disregarding the expert affidavits submitted in support of his opposition to the motions for summary judgment. He also contends that the trial court inappropriately rejected his experts without holding a *Daubert* hearing. As previously discussed, the trial court rejected Ms. Brown-Bell's affidavit because it was untimely, and we find no error in the trial court's ruling striking her affidavit from evidence. Further, because the record indicates that the trial court considered Mr. Lighten's affidavit in ruling on the motion for summary judgment, we find no support in the record for the plaintiff's contention that the trial court should have held a *Daubert* hearing before rejecting Mr. Lighten's affidavit.

With regard to the merits of the motions for summary judgment, the issue herein is less whether Mr. Lighten is qualified to offer an opinion as to causation as opposed to whether the plaintiff actually made a showing with regard to causation. The initial burden of proof in the motions for summary judgment was on the defendants, who had to point out an absence of evidence for one or more of the essential elements of the plaintiff's claim. La.Code Civ.P. art. 966(C)(2). The defendants contended that the plaintiff could not meet his burden with regard to

9

either the existence of a breach of the applicable standard of care or whether any alleged breach caused Ms. Rogers' alleged damages. The defendants attached a copy of the medical review panel's opinion in support of their contentions. We do not reach the issue of breach of the applicable standard of care because our review of the record indicates that the defendants met their burden of proof with regard to causation.

The facts of this case do not involve an act of such obvious negligence that causation can be inferred under the circumstances. *See Miller v. Tulane Univ. Hosp.*, 09-1740 (La.App. 4 Cir. 5/12/10), 38 So.3d 1142. The record shows that, in opposing the motions for summary judgment, the plaintiff offered no evidence concerning causation, via expert testimony or otherwise. Although Mr. Lighten's affidavit identifies several areas in which he identifies an alleged breach of the applicable standard of care, the affidavit does not address causation with regard to either Dr. Verma or Hilltop.[4] Therefore, we find that the plaintiff failed to rebut the defendants' showing with regard to this essential element on their motions for summary judgment. The plaintiff having failed to meet his burden of proof, there is no genuine issue of material fact concerning causation and the defendants are entitled to judgment as a matter of law. Accordingly, the trial court was correct in granting the motions for summary judgment.

The plaintiff's arguments concerning summary judgment are without merit.

---

[4] We note that the plaintiff points to Mr. Lighten's statement that the lack of documentation "led up to a hospitalization and a decline in condition." However, this statement does not address causation and does not create a genuine issue of material fact.

**DECREE**

For the foregoing reasons, we affirm in all respects the judgment of the trial court granting the motions for summary judgment filed by the defendants, Hilltop Retirement & Rehabilitation Center and Dr. Devinder Verma. Costs of this appeal are allocated to the plaintiff, William K. Rogers.

**AFFIRMED.**