Judge Daniel L. Dysart
hln this domestic matter, Christi R. Guste appeals the trial court’s rulings on child support and custody. Ms. Guste argues that the trial court committed several errors with regard to the award of child support, and with regard to an evidentiary issue at trial. For the reasons that follow, we affirm the the trial court’s decision.
BACKGROUND:
Appellant, Ms. Guste and Bernard Guste, Jr., appellee, were married on June 5, 2010. They resided in Orleans Parish, and at the time of trial, had two children, ages four and two.
Ms. Guste filed a Petition for Divorce as well as other matters, including child support and custody, on July 29, 2014. After a failed mediation attempt, the trial court ordered a custody evaluation. The parties thereafter entered into a Consent Judgment dated March 5, 2015, wherein Mr. Guste was ordered to pay $600 per month child support for the children, with an additional $500 per month for the children’s tuition.
I ¡/Trial on the divorce and other matters commenced on June 23, 2015, and was heard over four days concluding on August 26, 2015. A final judgment, along with reasons, was rendered on September 23, 2015. The trial court awarded joint, shared custody of the children, with equal physical *544 custody. Mr. Guste was ordered to pay $533.70 per month as child support.
DISCUSSION:
Ms. Guste makes several assignments of error questioning the trial court’s child support award. Specifically, she argues that the trial court erred in permitting Mr. Guste to depreciate assets in calculating Mr. Guste’s gross income, in not making the child support award retroactive, and in failing to order reimbursement of school tuition. She also argues that the trial court erred in not admitting certain medical records maintained by Dr. Luscher, who conducted the custody evaluation.
We first address the assignments of error concerning the support award. The Louisiana legislature had established guidelines for the implementation of child support. La. R.S. 9:315, et seq. The guidelines are designed to fairly apportion between the parents the mutual obligation they owe to their children in an efficient, consistent and adequate manner. Bickham v. Bickham, 46,264, p. 8 (La.App. 2 Cir. 3/2/11), 58 So.3d 950, 956. Child support is to be granted in proportion to the needs of the children and the ability of the parents to provide support. La. Civ. Code Art. 141; Bickham, 46, 264, p. 8, 58 So.3d at 956-57. An appellate court is not to disturb a trial court’s factual findings absent an abuse of discretion or manifest error. Rosell v. ESCO, 549 So.2d 840 (La. 1989).
sIn her first assignment of error, Ms. Guste argues that the trial court erred in permitting Mr. Guste to depreciate certain assets, thereby reducing his gross income for purposes of determining child support. Mr. Guste owns several rental properties in Orleans Parish. On his 2014 IRS 1040 form, he claimed a depreciation expense of those properties of $18,734.00 and total expenses of $86,422.00.
Ms. Guste argues that by allowing the depreciation, the trial court is allowing Mr. Guste “artificially” reduce his gross income. She agrees that the Internal Revenue Service provides for a depreciation deduction; however, she argues that in this case, the depreciation should not have been permitted, as it allows him to maintain a higher income not accounted for in the child support obligation calculation.
Louisiana Revised Statute 9:315 C(3)(c) expressly provides that ‘“[o]rdi-nary and necessary expenses’ shall not include amounts allowed by the Internal Revenue Service for the accelerated component of depreciation expenses ... for determining gross income for purposes of calculating child support.” It is the burden of the parent claiming the depreciation to prove that earnings are calculated without the use of accelerated depreciation. See Riggs v. LaJaunie, 98-304, pp. 4-5 (La. App. 3 Cir. 10/7/98), 720 So.2d 114, 117.
In Dejoie v. Guidry, this Court determined that straight-line, non-accelerated depreciation may be considered as an ordinary and necessary expense. 10-1542, p. 12 (La.App. 4 Cir. 7/13/11), 71 So.3d 1111, 1119; also see Thomey v. Thomey, 33,000, p. 3 (La.App. 2 Cir. 4/7/00), 756 So.2d 698, 701. Mr. Guste testified that the depreciation was a straight-line depreciation as opposed to an accelerated depreciation. After reviewing his tax returns, the trial court accepted his testimony as truthful. Accordingly, in line with Dejoie, we do not find that the trial court abused its discretion in allowing Mr. Guste to claim the straight-line depreciation of the property.
Ms. Guste also argues that the trial court inaccurately calculated Mr. Guste’s income from his job with Gulf Coast Bank. Mr. Guste testified that his income is based on commission, not salary, and that the commission is contingent upon the res *545 idential loan market, which fluctuates by season and year. The trial court accepted his testimony and considered it in the calculation of his gross income. The trial court explained that it considered the two pay periods covered within the two check stubs for 2015 produced by Mr. Guste to arrive at his monthly gross income. Specifically, the court multiplied his gross pay for the two week period in August by two and added the amount of income derived from a side-business in which Mr. Guste was involved, to arrive at his monthly gross income. The trial court also was provided with Mr. Guste’s 2014 W-2 forms that indicated his total gross income for that year.
We cannot say that the trial court’s method of calculating Mr. Guste’s gross income was legal error. Although this Court might have calculated his income differently, as suggested by Ms. Guste, we cannot say that the trial court wasj^ manifestly erroneous in its calculations. See Dejoie, 10-1542, p. 12 (La.App. 4 Cir. 7/13/11), 71 So.3d 1111, 1119.
The next assignment of error raised by Ms. Guste is that the trial court erred in failing to make the child support award retroactive to the date of filing. She cites La. R.S. 9:310, which provides:
Retroactivity of spousal support order
A. An order for spousal support shall be retroactive to the filing date of the petition for spousal support granted in the order.
B. Any support of any kind provided by the judgment debtor from the date the petition for support is filed to the date the support order is issued, to or on behalf of the person for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
C. In the event the court finds good cause for not making the award retroac-five, the court may fix the date such award shall become due.
Although this statute’s title clearly addresses the retroactivity of spousal support, Subsection B refers to “[a]ny support of any kind provided by the judgment debtor.” Further, following the 1993 amendment to La. R.S. 9:310, the retroac-tivity of child support was re-designated as La. R.S. 9:315.21, which provides in part:
A. Except for good cause shown, a judgment awarding,' modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
B. (1) A judgment that initially awards or denies final child support is effective as of the • date the judgment is signed and terminates an interim child support allowance as of that date.
The statute also provides that only if there is no interim support award order in place should a final support order be made retroactive to the date of judicial] ñ demand. La. R.S. 9:315.21 B(2). In this case, the trial court provides in fits reasons for judgment that a consent judgment entered into by the parties on March 5, 2015, provided that Mr. Guste was to pay Ms. Guste interim support of $600 per month, plus an additional $500 per month for the children’s school tuition, subject to any credits or debits established upon determination of a final child support obligation amount. Additionally, a written stipulation was entered into by the parties on April 23, 2015, by which it was agreed that Ms. Guste was to receive the entire 2013 and 2014 state and federal tax refunds. Considering the record before us, wé cannot say that the trial court abused its discretion in not making the child support award of September 23, 2016, retroactive to the date of judicial demand.
*546 The final assignment of error regarding support raised by Ms. Guste is that the trial court erred in determining the amount of private school tuition paid by her and in not ordering appropriate reimbursement by Mr. Guste.
The record indicates that the parties stipulated in open court that they agreed to pay and had already paid tuition for the 2015-16 school year for Holy Name of Jesus School and Stuart Hall faculty daycare. Further, the testimony of Ms. Guste reveals that when the parties initially separated Mr. Guste agreed that she could withdraw $11,800 from a joint account for her use. Ms. Guste testified that she had also paid from the joint account three months of tuition ($2,400) to Ursuline, where their daughter was enrolled at the time of their separation. As noted previously, Mr. Guste was also ordered in the interim support award order to pay $500 per month toward school tuition.
Louisiana Revised Statute 9:315.8 provides that extraordinary expenses should be included in the child support calculations; however, La.R.S. 9:315.6 provides:
|7By agreement of the parties or order of the court, the following expenses incurred on behalf of the child, may be added to the basic child support obligation:
(1) Expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child, (emphasis added.)
The trial court also noted in its reasons for deciding the custody arrangements that the parties demonstrated the ability to come together to make major educational decisions regarding the children, and had already agreed on schools for the children for the 2015-16 school year. The parties also testified that they were capable of discussing the future educational needs of the children.
A trial judge’s decision to add private school tuition expenses to the basic child support obligation will not be disturbed absent an abuse of discretion. A.S. v. D.S., 14-1098, p. 19 (La.App. 4 Cir. 4/8/15), 165 So.3d 247, 258, (citing Williams v. Williams, 04-1624, p. 2 (La. App. 4 Cir. 3/16/05), 899 So.2d 628, 630). Based on the record, testimony and the trial court’s reasons for judgment, we find no abuse of discretion by the trial court in not specifically including private school tuition as part of the basic child support obligation.
Ms. Guste also argues that the trial court erred in not admitting certain medical records maintained by the custody evaluator, Dr. Luscher. She argues that La. R.S. 13:3714 A provides that certified records maintained by a health care provider shall be received into evidence as prima facie proof of its content. Dr. Luscher testified at trial and was subject to cross-examination by Mr. Guste.
The trial court ruled that the records were inadmissible, and Ms. Guste objected. However, Ms. Guste did not proffer the records. Therefore, this Court cannot review the records in question to determine whether the trial court erred in not admitting them into evidence. Sher v. Lafayette Ins. Co., 07-2441, p. 19 ( La. 4/8/08), 988 So.2d 186, 202; Galloway v. Lolley, 44,501, pp. 2-3 (La.App. 2 Cir. 8/19/09, 17 So.3d 479, 481. We thus decline to address this assignment of error.
Accordingly, for the reasons set forth above, we affirm the judgment of the trial court.
AFFIRMED