Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,207-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LANETTE LEWIS                                    Plaintiff-Appellant

versus

WAL-MART STORES, INC. AND                        Defendant-Appellee
XYZ INSURANCE COMPANY

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 59352

Honorable Bruce Edward Hampton, Judge

* * * * *

GORDON MCKERNAN INJURY                    Counsel for Appellant
ATTORNEYS
By:  Harold Dean Lucius, Jr.

BLANCHARD, WALKER, O'QUINN                Counsel for Appellee
& ROBERTS
By:  Stacey Denise Williams
     Scott R. Wolf

* * * * *

Before WILLIAMS, PITMAN, and STONE, JJ.

**STONE, J.**

Plaintiff, Lanette Lewis ("Ms. Lewis"), appeals the trial court decision granting summary judgment in favor of defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), finding that there are no genuine issues of material fact with respect to the temporal period in an action to impose merchant liability. For the following reasons, we reverse and remand for further proceedings.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 27, 2017, Ms. Lewis filed suit against Wal-Mart and its liability insurer, XYZ Insurance Company, under the merchant theory of liability pursuant to La. R.S. 9:2800.6.[1] Ms. Lewis alleged that on or about January 2, 2017, she began shopping at Wal-Mart Store #23 located in Ruston, Louisiana, between 7:00 a.m. and 8:00 a.m. She completed her shopping and attempted to pay for her items at a register in the garden center, but was redirected by a sales associate to complete her purchase at a cash register located at the front of the store instead. As she was walking from the garden center toward the front of the store, she slipped in a puddle

---

[1] La. R.S. 9:2800.6(B) states in pertinent part:

In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

of water on the floor in or near the pharmacy department and sustained severe and painful injuries.

On February 8, 2018, Wal-Mart filed its answer, denying any liability for Ms. Lewis' injuries, and further alleged that Ms. Lewis' own failure to keep a proper lookout, observe her surroundings, and exercise reasonable care for the safety and protection of her own person, were the causes of her injuries. Wal-Mart filed a motion for summary judgment on December 11, 2018, arguing that Ms. Lewis cannot carry her burden of proving that "the defendant either created the condition or had actual or constructive notice of the condition which caused the damage prior to the occurrence."

A brief hearing on Wal-Mart's motion for summary judgment was held on February 14, 2019, after which time the trial court took the matter under advisement. On April 8, 2019, the trial court issued its "Reasons on Ruling," finding that based on the law and evidence presented, there remains no genuine issues of material fact with respect to the temporal period, and summary judgment is appropriate. The trial court filed its written judgment to that effect on May 3, 2019. Ms. Lewis filed this instant appeal.

### DISCUSSION

By her single assignment of error, Ms. Lewis argues that the trial court was incorrect in granting Wal-Mart's motion for summary judgment, finding that there are no genuine issues of material fact present to be decided by the trier of fact. She contends that the trial court failed to consider the written discovery she submitted in opposition which would preclude granting summary judgment. We agree.

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed

2

for by a litigant. *Samaha v. Rau*, 2007-1726 (La. 02/26/08), 977 So. 2d 880; *Chesney v. Entergy La., L.L.C.*, 51,718 (La. App. 2 Cir. 11/15/17), 245 So. 3d 281, *writ denied*, 2017-2095 (La. 2/9/18); *Driver Pipeline Co., Inc. v. Cadeville Gas Storage, L.L.C.*, 49,375 (La. App. 2 Cir. 10/01/14), 150 So. 3d 492, *writ denied*, 2014-2304 (La. 01/23/15), 159 So. 3d 1058. On appeal, a trial court's ruling on a motion for summary judgment is reviewed pursuant to the de novo standard of review. *Jones v. Estate of Santiago*, 03-1424 (La. 04/14/04), 870 So. 2d 1002; *Chesney, supra*; *Henderson v. Union Pac. R.R.*, 41,596 (La. App. 2 Cir. 11/15/06), 942 So. 2d 1259.

Appellate courts review summary judgments under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Schroeder v. Board of Sup'rs of La. State Univ.*, 591 So. 2d 342 (La. 1991); *Weaver v. City of Shreveport*, 52,407 (La. App. 2 Cir. 12/19/18), 261 So. 3d 1082; *Chesney, supra; Lewis v. Coleman*, 48,173 (La. App. 2 Cir. 06/26/13), 118 So. 3d 492, *writ denied*, 13-1993 (La. 11/15/13), 125 So. 3d 1108; *Grant v. Sneed*, 49,511 (La. App. 2 Cir. 11/19/14), 155 So. 3d 61.

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. Proc. Ann. art. 966. La. C.C.P. art. 966(A)(3). A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery.

Facts are [also] material if they potentially ensure or preclude recovery, affect a litigant's ultimate success or determine the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.

3

07/05/94), 639 So. 2d 730; *Chesney, supra*; *Estate of Levitz v. Broadway*, 37,246 (La. App. 2 Cir. 05/14/03), 847 So. 2d 170. La. C.C.P. art. 966(D)(1) provides the general rule concerning the burden of proof for summary judgment and states in pertinent part as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.
>
> When the motion for summary judgment is made and supported as provided in La. C.C.P. art. 966, the adverse party "may not rest on the mere allegations or denials of his pleading," but his response, by affidavits or other proper summary judgment evidence, "must set forth specific facts showing that there is a genuine issue for trial." If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).

In conducting our de novo review, we consider all reasonable inferences to be drawn from the record in the light most favorable to the non-movant, Wal-Mart. See *Hines v. Garrett*, 04-0806 (La. 06/25/04), 876 So. 2d 764; *Chesney, supra*. Accordingly, we find that the trial court erred in granting Wal-Mart's motion for summary judgment, as many genuine issues of material fact still remain in this matter. The plaintiff has offered competent evidence regarding the origin of the water she slipped in based on the limited amount of evidence in the record. Ms. Lewis' deposition testimony alleges that a Wal-Mart store manager and employee who were both present at the

scene of the incident told her that the water she slipped in could have come from a leak in the store's ceiling. She further alleges that one of the employees even mentioned that the water looked like raindrops. Additionally, Wal-Mart's vague answers to Ms. Lewis' propounded interrogatories indicate that there is some semblance of an inspection schedule:

> INTERROGATORY NO. 5:
> At any time prior to the accident/incident, did you, or any of the defendants' agents or employees, make any examination, inspection, or test of the place or location where the accident/incident occurred.
>
> RESPONSE: Defendants state that employee would have been through the place or location where the incident/accident occurred sometime before the incident/accident occurred.
> ***

Finally, Wal-Mart's *own* Claim Form #L7000386, both generated and completed by Wal-Mart employees/agents, unequivocally stated that "defects" and an "unclean" surface area were present in connection with Ms. Lewis' incident under the section labeled "Slip/Fall Information." From our perspective, regardless of whether inadvertent or intentional, those responses can be reasonably viewed as an inculpatory admission lending further support, at a minimum, to the existence of genuine issues left to be decided by the trier of fact.

The written discovery submitted by Ms. Lewis indicates three critically unresolved issues in the matter *sub judice*, making summary judgment improper. First, that Wal-Mart quite possibly had an inspection schedule in place on the date of Ms. Lewis' incident. Second, the area where Ms. Lewis slipped and fell would have likely been inspected by a designated Wal-Mart employee/agent prior to her fall. Third, there is a

5

reasonable possibility that Wal-Mart's elusive responses in Claim Form #L7000386, regarding the presence of "defects" and an "unclean" surface area have a connection to Ms. Lewis' theory of water leaking through the building's roof due to rainy weather conditions.

While it is true that Ms. Lewis cannot state with unequivocal certainty that the puddle of water originated from a leak in the building's roof, she has offered sufficient evidence of the presence of genuine issues to withstand summary judgment at this stage in the litigation. We do not find that the temporal period encapsulated within the requisite notice element imposes an additional burden of correctness and/or certainty, while the overarching standard only requires more probable than not. Indeed, Ms. Lewis is not an employee, agent, or any other specifically designated person who would reasonably possess intimate knowledge of the unsafe conditions of the building. The plaintiff's burden is satisfied by showing a preponderance of the evidence; and thus, intimate knowledge is not required to succeed in an action to impose liability upon a merchant pursuant to La. R.S. 9:2800.6.

For these reasons, we reverse the judgment of the trial court granting summary judgment in favor of Wal-Mart. We remand this matter to the trial court for further proceedings. Ms. Lewis has presented sufficient evidence to conclude that there are genuine issues of material fact to be decided as to constructive notice. Whether the evidence is sufficient to carry Ms. Lewis' ultimate burden of proving Wal-Mart is liable for her injuries by a preponderance of the evidence is a matter to be determined by the trier of fact.

**CONCLUSION**

For the reasons articulated above, we find in favor of the plaintiff, Lanette Lewis, and reverse the trial court's judgment granting Wal-Mart, Inc.'s motion for summary judgment and remand the case to the trial court for further proceedings. Costs of this appeal are assessed to the defendant, Wal-Mart, Inc.

**REVERSED AND REMANDED.**